Mr. Chief Justice Hempiiill
delivered the opinion of the court.
This appeal is taken from the judgment sustaining amotion against the appellant to show cause why he refused to pay over the money arising from the sale of the Progressa, and that he be compelled to do so.
The cause was submitted on a statement of facts to the effect that the defendant had in his possession, as clerk of the district court, the sum of six hundred and thirty dollars and twenty-two cents, which had been adjudged to the republic in the cases of the prize schooners Progressa and Dos Amigos; that the same had been demanded by the proper officer, and the payment refused; and that the republic was indebted to *618 the defendant for the amount of an audited draft, and also in' the sum of seven hundred dollars and seventy-six cents for fees due him as clerk of said court.
Judgment was rendered against the appellant for the whole amount claimed by the republic, and he was ordered to pay •the same into the treasury of the republic, in pursuance of the decree made in the cases of the said prize schooners.
The judgment is sought to be reversed on the grounds:
1st* That the appellant had the right to retain the money in his hands in payment of costs due to him.
2d. Because the judgment was rendered for the amounts received in the two cases of the prize.schooners; whereas, the motion was made for the amount received in the case of the Progressa only.
3d. Because the motion charges no amount at all for the recovery of which it is brought.
In support of the first position, it is contended that although the government cannot be sued without her consent, yet when she brings a party into court, the same rules obtain as between individuals; and several authorities from the reports of the supreme court of the United States are referred to. It will be found, however, on examination, that the discounts set up in all those cases were recognized as subjects of judicial action only by virtue of the authority conferred on the parties and the court by the act of congress of the 3d of March, 1797. There may have occurred in the opinions some unguarded expressions in relation to the equitable rights of the defendants, and powers of the courts, on the subject of set-off against the government; but no adjudication can be referred to, previous to the passage of the statute, in which a discount, of the char, acter of the one filed by the defendant, was allowed against the government of the United States. And the principles upon which such discounts are refused allowance, without the express consent of the government, are very obvious.
A set-off, though not denominated a suit, is in the nature of a cross action, and substituted therefor for the purpose of effectuating justice without an accumulation of actions. Barb, p. 25. It is, then, but another name for an action, and there *619 fore cannot be instituted or set up against the government without its consent. The high purposes of public policy to’ be subserved by the'exemption of the government from suits at the instance of private individuals would be thwarted to a great extent if claims against the government were, without its consent, permitted to absorb the public fuuds collected for its use and support. The right of an officer to be paid for services rendered the republic is equitable and clear, but its enforcement depends upon the action of the political authorities. The courts cannot adopt coercive measures to enforce,, by direct action, payment for such services; nor can they suffer it to be done indirectly by permitting the claimant to retain public money in satisfaction of such claims, unless the subject has been placed by law within judicial cognizance and control. For it is a well established principle that courts have no authority to enforce claims against the government, in whatever form of action they may be urged, unless the institution of such action, or the recognition of such claim, has been expressly sanctioned by law. In fact, the proposition that the government is above the reach of judicial authority by direct action, but within its control and coercive power by indirect suit, is a solecism and absurdity in its very terms.
It is unnecessary to dwell upon the consequences of the admission of such doctrines to governments of but liipited revenues. The doctrine is well established and is applicable in all governments, and we may safely hold that the first position assumed by the appellant is not supported by either principle or authority The subject was fully discussed in the case of Gail Borden et al. v. Houston, decided at this term, ante, 594, and to which reference may be made.
The second position is that the judgment is erroneous in having included the sums received by the appellant in the two cases, whereas the motion was made for the amount received in one only.
This objection is not without plausibility, and would be sustained had not the appellant voluntarily agreed to submit to the court the amount received in both causes for its adjudication. The defendant was not bound to have admitted the re *620 ceipt of any further sum than that arising from the case of the Progressa, nor was the republic entitled to demand the said sum on this motion. But the parties are certainly competent in the progress of a cause to submit, by consent, for the judgment of a court, matters additional and not repugnant to those constituting the foundation of the action or of the defense. Both parties in this cause, from their agreement, seemed desirous that all mutual demands should be presented for adjustment by the court, in conformity with the principles of law governing such cases. We are of opinion, therefore, that the second position, under the circumstances of this case, cannot he maintained.
The third ground is also untenable because, although the -motion was for no specific sum, yet that was reduced to certainty by the facts which were agreed to and submitted, and there being no error in the judgment of the court, it is ordered, adjudged and decreed that the same be, in all things, affirmed.
Mr. Justice WiieeleR.
This was a summary proceeding by motion, under the statute (1 Stat. 204, section 21). The parties voluntarily submitted for the judgment of the court, by a written agreement, the matters in con tro-versy between them, upon which, at their instance, the court gave judgment. And the fact that all the matters embraced in the agreement and thus submitted by them were not embraced in the original motion, cannot, in my opinion, constitute a ground for reversing the judgment. The written agreement contained a special statement of their respective claims, and was substituted by them for pleadings. And I know of no reason why it was not competent for them thus to submit and for the court to adjudicate their respective rights.